IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**UNITED STATES OF AMERICA,**

*Plaintiff,*

v.

**LADARRIUS MARQUAIL TYLER,**

*Defendant.*

CAUSE NO. 3:25-CR-50-CWR-ASH

## ORDER

Before the Court is Ladarrius Tyler's motion to dismiss the indictment. Docket No. 25. The United States alleges that Mr. Tyler violated 18 U.S.C. §§ 922(g)(1) and 924(a)(8) by knowingly possessing a firearm as a convicted felon. Mr. Tyler's prior convictions were for armed carjacking and armed robbery. Docket 26-1. In the present motion, Mr. Tyler identifies several bases that he asserts require the dismissal of the indictment in this case. The Government has responded, and Mr. Tyler has replied. Docket Nos. 26 and 27. For the reasons that follow, the motion is denied.

Mr. Tyler first argues that § 922(g)(1) is unconstitutional in light of the United States Supreme Court's decision in *New York Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), as clarified in its decision in *United States v. Rahimi*, 602 U.S. 680 (2024). He brings both facial and as-applied challenges. Mr. Tyler acknowledges that these challenges are foreclosed under Fifth Circuit precedent and raises them only to preserve them for further review. Docket No. 25 at 1. The Court briefly addresses each in turn.

Mr. Tyler's facial challenge is foreclosed by Fifth Circuit precedent. The Fifth Circuit denied a facial challenge to § 922(g)(1) under the Second Amendment in *United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024). The analysis ends here.

Mr. Tyler's as-applied challenge is similar to the challenge presented to this Court in *United States v. Doster*, 2024 WL 5204592, No. 3:24-CR-82 (S.D. Miss. Dec. 23, 2024). As the Court explained in that case, *Diaz* "specifically applies to felony theft convictions" such that it "forecloses [Defendant's] argument that § 922(g)(1) prosecution is unconstitutional as applied to him." 2024 WL 5204592, at *2. Here, Mr. Tyler has prior felony theft convictions—namely, armed carjacking and armed robbery. Accordingly, *Diaz* forecloses his argument that § 922(g)(1) prosecution is unconstitutional as applied to him.

Next, Mr. Tyler argues that § 922(g)(1) violates the Fifth Amendment's equal protection guarantee because it burdens his fundamental right to bear arms and cannot survive strict scrutiny. Here again, this argument mirrors the argument presented to the Court in *Doster*. As was the case in *Doster*, Mr. Tyler's underlying felony convictions are premised on violent conduct. For the reasons the Court explained in *Doster*, Mr. Tyler's equal protection challenge also fails. *See* 2024 WL 5204592, at *3.

Mr. Tyler also asserts that § 922(g)(1) violates his right to due process. His argument; however, relies solely on Justice Thomas's dissent in *Rahimi*. Docket No. 25 at 14. This argument lacks sufficient support. *See, e.g.*, *United States v. Landrum*, No. 3:24-CR-63, 2024 WL 4806486, at *2 (S.D. Miss. Nov. 15, 2024) (denying a similar challenge and noting that the dissent in *Rahimi* "is too thin to declare § 922(g)(1) unconstitutional"). This challenge also fails.

Finally, Mr. Tyler argues that § 922(g)(1) violates the Commerce Clause. Here again, he acknowledges that this argument is foreclosed under Fifth Circuit precedent and raises it only to preserve it for further review. *See United States v. Hemphill*, No. 23-50675, 2024 WL 5184299, at *10 (5th Cir. Dec. 20. 2024); *Diaz*, 116 F.4th at 462; *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013)).

The Court has considered all arguments. Those not addressed would not have changed the outcome. Mr. Tyler's motion to dismiss the indictment is denied. The parties shall appear for pretrial conference in this matter on September 22, 2025.

**SO ORDERED**, this the 18th day of September 2025.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE